IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAMEION BUCKLEY,

    Plaintiff,

v.                                                                                      No. 1:22-cv-01252-JDB-jay

STATE OF TENNESSEE,

    Defendant.

_____

ORDER OVERRULING OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION,
DENYING PENDING MOTIONS AS MOOT,
AND DISMISSING CASE
_____

On November 14, 2022, the Plaintiff, Dameion Buckley, filed a pro se civil rights complaint against the "State of Tennessee, *et al.*," seeking damages for alleged false imprisonment and indictment. (Docket Entry ("D.E.") 1.) The fill-in-the-blank pleading listed two defendants by number--defendant number 1 was identified as "State of Tennessee [*et al.*] State Official" with an address in Jackson, Tennessee, and defendant number 2 as "State of Tennessee [*et al.*] State Official" with an address in Lexington, Tennessee. In an order entered November 17, 2022, Plaintiff was granted leave to proceed in forma pauperis. (D.E. 7.) In accordance with Administrative Order No. 2013-05, the action was referred to the assigned magistrate judge, Jon A. York, for management of all pretrial matters. In a screening report and recommendation entered June 22, 2023, (the "R&R") pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York, having construed the complaint as alleging claims solely against the State of Tennessee, recommended that this matter be dismissed on the grounds that Plaintiff's claims are barred by the Eleventh Amendment and, therefore, the Court lacks subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules

of Civil Procedure. (D.E. 13.) Based on the recommendation of dismissal, the magistrate judge further recommended that Plaintiff's pending motions, seeking appointment of a special process server (D.E. 8), entry of default (D.E. 9), and entry of default judgment (D.E. 10), be denied as moot. On June 30 and July 3, 2023, Buckley filed objections to the R&R. (D.E. 15-17.)

Fed. R. Civ. P. 72 permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g)(2). Objections must be stated with specificity, even where the plaintiff is pro se. *Martin v. Saginaw Cty. Road Comm'n*, 606 F. Supp. 3d 639, 645, 650 (E.D. Mich. 2022). Upon the filing of timely objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2).

In his objections, Buckley does not appear to take issue with the magistrate judge's conclusion that the Eleventh Amendment bars any claims against the State of Tennessee. While it is somewhat difficult for the Court to discern with any precision the exact nature of the objections, it seems Plaintiff is attempting therein to assign responsibility for his alleged wrongful imprisonment and indictment to two State of Tennessee employees not specifically mentioned in his initial pleading: Angela Scott and Jody Pickens. Apparently, both were employed by the State Attorney General's Office as prosecutors at the time the events occurred from which this action arose.[1]

---

[1]The complaint's listing for defendant number 1 includes an address of 225 Dr. Martin Luther King, Jackson, Tennessee, which, according to the Madison County, Tennessee, website, is the physical address of the Madison County District Attorney General's Office. www.madisoncountytn.gov/79/District-Attorney-General (last visited July 14, 2023). Defendant number 2 on the complaint reflects an address of 514 South Broad Street, Lexington, Tennessee,

Even if the Court were to permit Buckley to amend his complaint to name Scott and Pickens as defendants in their official and individual capacities,[2] any such amendment would be insufficient to survive review. Title 42 U.S.C. § 1983 claims against district attorneys general in their official capacities are claims against the State of Tennessee itself and therefore barred. *See Lee v. Craft*, No. 20-2424-JDT-cgc, 2021 WL 918767, at *4 (W.D. Tenn. Mar. 10, 2021), *recons. denied*, 2021 WL 1394474 (W.D. Tenn. Apr. 13, 2021). In addition, prosecutors enjoy absolute immunity from individual capacity suits arising from actions taken in initiating and pursuing criminal process. *McAlister v. Tennessee*, No. 20-1100-JDT-cgc, 2021 WL 102233, at *3 (W.D. Tenn. Jan. 12, 2021).

Based on the foregoing, the objections are OVERRULED, the R&R is ADOPTED, the pending motions are DENIED as moot, and this matter is hereby DISMISSED. Further, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith and leave to appeal in forma pauperis is DENIED.

IT IS SO ORDERED this 14th day of July 2023.

      s/ J. DANIEL BREEN
      UNITED STATES DISTRICT JUDGE

---

the site of a District Attorney General's Office in Henderson County, Tennessee. *Id.* Internet profiles indicate that both Scott and Pickens have served as prosecutors for the State of Tennessee.

[2] In his pleading, Buckley checked boxes indicating that defendant numbers 1 and 2 were being sued in their individual and official capacities.